# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MALLINCKRODT PLC, *et al.* | Bankruptcy Case No. 22-12522 (JTD) |
| Debtors. | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, | |
| Appellant, | |
| v. | C.A. No. 22-337-RGA |
| MALLINCKRODT PLC, | Bankr. BAP No. 22-25 |
| Appellee. | |

## RECOMMENDATION

At Wilmington this **21st** day of **April, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

The Bankruptcy Court issued an order confirming Appellees' chapter 11 Plan on March 2, 2022.  Appellant filed its notice of appeal on March 16, 2022, and on March 30, 2022 filed its designation of items for the record on appeal and a statement of issues to be presented.

There are a number of appeals docketed in this court related to the Mallinckrodt bankruptcy.  Two of these appeals, 22-330-TLA and 22-331-TLA, were filed by Columbus Hill Capital Management ("Columbus Hill") and the Ad Hoc First Lien Notes Group, which arise out of the same underlying dispute and present the same issues.  The Parties agree that this Appeal should be held in abeyance pending the resolution in 22-330 and 22-331.

Because WSFS is acting solely in its role as an indenture Trustee, and the majority of the bondholders are directly participating in the other appeals, the Parties agree to be bound by the outcome of the Columbus Hill appeal and the Ad Hoc First Lien Notes Group appeal.  WSFS and the Appellees intend to file a stipulation in this Appeal that would stay WSFS's appeal and confirm the Parties agreement that disposition of WSFS's appeal would be determined by the disposition of the Columbus Hill appeal and the Ad Hoc First Lien Notes Group appeal.  This stipulation will also provide that WSFS's appeal will no longer be stayed, and it will be relieved of its other obligations under the stipulation, if an appellee, in response to this Appeal or the Ad Hoc First Lien Notes Group appeal, argues, premised on the identity of the appellant,

including an argument that holders of the first lien notes, as opposed to their trustee (WSFS), are not the proper party to pursue an appeal from confirmation of the Plan.

The Parties recognize that certain parties in interest may file motions to intervene as appellees in this Appeal. The Parties consent to the intervention of BOKF, N.A., in its capacity as Second Lien Trustee under the Second Lien Indenture, Deerfield Private Design Fund IV L.P., the Ad Hoc First Lien Term Lenders Group, and Deutsche Bank AG New York Branch. The Parties reserve all rights to object to any other motions for intervention.

The Parties have not participated in formal mediation, but have engaged in discussions as to resolution. The Parties maintain that given the nature of the relief granted and the issues on appeal, they do not believe mediation would be productive.

Because they agree this Appeal should be held in abeyance, the Parties do not believe that it is appropriate to proposed a briefing schedule at present.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. No objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1 are anticipated because it is consistent with the Parties request.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge